UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>              Plaintiff,<br><br>    v.<br><br>ELIZABETH CAMACHO,<br><br>              Defendant. | Case No. 15-cr-00480-HSG-1<br><br>**ORDER DENYING MOTION TO SUPPRESS EVIDENCE; ORDER DENYING AS MOOT MOTION TO SUPPRESS STATEMENTS**<br><br>Re: Dkt. No. 141, 142 |

Pending before the Court are Defendant Elizabeth Camacho's motions (1) to suppress evidence obtained as a result of a search of her rental car on the ground that the search violated her Fourth Amendment right against unreasonable searches and seizures, Dkt. No. 141, and (2) to suppress statements obtained in violation of the Fifth Amendment, Dkt. No. 142.

Having read and carefully considered the parties' arguments and the relevant legal authority, and for the reasons stated on the record and set forth below, the Court DENIES the motion to suppress evidence, and DENIES as moot the motion to suppress Defendant's statement.

## I.  BACKGROUND

On October 8, 2015, a grand jury charged Defendant with a single count of conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371.  Dkt. No. 31.  The indictment alleges that in furtherance of the conspiracy Defendant and several codefendants drove from the District of Arizona to the Northern District of California, transporting guns they had obtained in Arizona, and checked into two hotel rooms in Antioch, California.  *Id*.

## II.  MOTION TO SUPPRESS STATEMENTS UNDER THE FIFTH AMENDMENT

Defendant has moved to suppress the statement she made after her arrest: in response to a question about the money in the trunk, she responded it is "none of my business."  Dkt. No. 142. The Government has indicated that it does not intend to introduce this statement into evidence at

trial.  Accordingly, the Court DENIES Defendant's motion as moot.

### III.  MOTION TO SUPPRESS EVIDENCE UNDER THE FOURTH AMENDMENT

#### A.  Legal Standard

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV.  Any evidence resulting from an unconstitutional search or seizure cannot be admitted as proof against the victim of the search, and therefore must be suppressed.  *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963).  The Supreme Court has held that "the proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure."  *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (citing *Rakas v. United States*, 439 U.S. 128 (1978)).

#### B.  Fourth Amendment Standing

The Government argues Defendant lacks standing to make a Fourth Amendment claim because Defendant has failed to show that she had a subjective and reasonable expectation of privacy in the contents of the searched vehicle.  The Government argues that Defendant's interaction with law enforcement reflected a subjective belief that she did not have control over the car, thus defeating any reasonable expectation of privacy claim.

An individual has standing under the Fourth Amendment when she has sufficient possessory rights over the property searched *or* a reasonable expectation of privacy in the property.  *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 & n.8 (9th Cir. 2015) (recognizing that the Ninth Circuit has "conflated the trespassory-search and reasonable-expectation-of-privacy tests for Fourth Amendment standing," and clarifying that each provides an independent basis for Fourth Amendment standing).  In determining whether a defendant has standing, the Ninth Circuit has given weight to such factors as the defendant's possessory interest in the property searched or seized, the measures taken by the defendant to insure privacy, whether the materials are in a container labeled as being private, and the presence or absence of a right to exclude others from access.  *United States v. Heckenkamp*, 482 F.3d 1142, 1146 (9th Cir. 2007) (citations omitted); *see also United States v. Thomas*, 447 F.3d 1191, 1198 (9th Cir. 2006)("[A] defendant who lacks an ownership interest may still have standing to challenge a search, upon a showing of 'joint control'

or 'common authority' over the property searched."); *Lyall*, 807 F.3d at 1186-87 ("To be shielded by the Fourth Amendment, a person needs 'some joint control and supervision of the place searched,' not merely permission to be there.").

The Court finds Defendant had an expectation of privacy because she was the lessee of the rental car. *See* Dkt. No. 141-1, ¶ 6; *see United States v. Henderson*, 241 F.3d 638, 646 (9th Cir. 2000), as amended (Mar. 5, 2001) (holding defendant "clearly had a reasonable expectation of privacy in the car because he was a lessee"). Although there is some dispute as to whether Defendant renounced control over the car,[1] the Court finds that Defendant's possessory interest in the car remained intact. Her actions evinced a possessory interest in the vehicle and its contents: she had access to the vehicle, placed items in the trunk, and demonstrated control and ownership over the property. The Court finds Defendant had a sufficient possessory interest over the vehicle's contents to confer Fourth Amendment standing. *See Thomas*, 447 F.3d at 1198 ("Common authority rests 'on mutual use of the property by persons generally having joint access or control for most purposes.'"); *United States v. Portillo*, 633 F.2d 1313, 1317 (9th Cir. 1980) (holding defendant had standing to challenge search of car owned by his friend where the defendant "had both permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner").

Accordingly, Defendant has standing to pursue her Fourth Amendment claim.

### C.     Automobile Exception

The Court finds that the Government's warrantless search of the vehicle was valid under the automobile exception.

"[P]olice may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186,

---

[1] The Government contends that when agents asked Defendant whether they could search the car, Defendant replied, "it's (consent) not hers to give." *See* Dkt. No. 156-2 at 2. Defendant contends that in response to the agent's question, she replied that she "was not sure if the car was rented in [her] name or the name of [her] boyfriend." *See* Dkt. No. 141-1, ¶ 6. The Court finds that given Defendant's actions in accessing the vehicle and controlling its contents, it is not reasonable to construe her statements as a "denial of ownership" evidencing a relinquishment of her possessory interests.

3

1193 (9th Cir. 2010). There is probable cause for a search where, in light of the totality of the circumstances, there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Pinela–Hernandez*, 262 F.3d 974, 978 (9th Cir. 2001) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *Brooks*, 610 F.3d at 1193 (citation omitted); *see also Ornelas v. United States*, 517 U.S. 690, 696 (1996) ("We have described . . . probable cause to search as existing where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found . . . .") (citations omitted).

Probable cause is an objective standard: the officers' subjective intention is immaterial in determining whether their actions violated the Fourth Amendment. *See Bond v. United States*, 529 U.S. 334, 339 n.2 (2000) ("the subjective intent of the law enforcement officer is irrelevant in determining whether that officer's actions violate the Fourth Amendment"). The automobile exception permits searches of containers or packages within the vehicle. *United States v. Ross*, 456 U.S. 798, 823–24 (1982).

Moreover, under the collective knowledge doctrine, courts can "impute police officers' collective knowledge to the officer conducting a stop, search, or arrest." *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010). The doctrine generally applies in two situations. "The first situation is where law enforcement agents are working together in an investigation, but have not explicitly communicated the facts each has independently learned." *United States v. Ramirez*, 473 F.3d 1026, 1032 (9th Cir. 2007). Under this scenario, there is "a limited requirement that there be a communication [among agents] but not necessarily the conveyance of any actual information [giving rise to probable cause]"; the purpose of this requirement is to distinguish "officers functioning as a team from officers acting as independent actors who merely happen to be investigating the same subject." *Id.* at 1032-33 (internal quotation marks and citations omitted). In the second situation, "an officer . . . with direct personal knowledge of all the facts necessary to give rise to reasonable suspicion . . . directs or requests that another officer . . . conduct a stop, search or arrest." *Villasenor*, 608 F.3d at 475 (citing *Ramirez*, 473 F.3d at 1033). As in the first situation, this situation requires, "some 'communication among agents.'"

*Id.*

The first situation applies here. The arresting agent was working with a team to investigate the illegal trafficking of firearms, Dkt. No. 156-2 at 1, and learned through his team that Defendant was a possible co-conspirator staying at a hotel in Antioch, Dkt. Nos. 156-1, 156-2. Accordingly, the knowledge of the other agents in the investigation is imputed to the arresting agent, giving him probable cause to believe that the vehicle contained evidence of a crime. Not only had Defendant been identified by arrestees as "a possible female co-conspirator," but the arresting agent knew that she had driven the vehicle from Arizona "with at least one of the persons already arrested earlier in the day in connection with the" firearm sale.[2] Dkt. No. 156-2 at 2. Given the totality of the circumstances, the Court finds the search of the rental car was permissible under the automobile exception to the warrant requirement.

## IV. CONCLUSION

For the reasons stated, the Court DENIES the motion to suppress evidence under the Fourth Amendment, and DENIES AS MOOT the motion to suppress Defendant's statement under the Fifth Amendment.

**IT IS SO ORDERED.**

Dated:  8/17/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] The Court declines to rely on the investigation reports attached to AUSA Green's declaration. Dkt. No. 156-1. At the August 15, 2016 hearing, the Government conceded that it did not know whether the statements included in the investigation reports were obtained *before* the search. Because the Government failed to clearly lay out this foundational information in its opposition papers and could not answer the Court's questions at the hearing regarding the timing of the statements included in the reports, these statements are not relevant and the Court does not consider them here.